UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BAY CHEVROLET, INC,

                 Plaintiff,

     -against-

GENERAL MOTORS CORP., ARGONAUT
HOLDINGS, INC., and KENNETH BRODLIEB,

                Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
08-CV-233, 08-CV-4631
(KAM) (JMA)

A P P E A R A N C E S

James McGrath
Bingham McCutchen LLP
One Federal Street
Boston, MA 02110-1726
   *Attorney for Defendant General Motors*

## I.    BACKGROUND

Bay Chevrolet Inc. ("Bay Chevrolet") filed its first action, No. 08-CV-233 (the "First Action"), in New York Supreme Court against General Motors Corporation ("General Motors") and Argonaut Holdings, Inc. ("Argonaut"), seeking a preliminary injunction and alleging, <u>inter alia</u>, breach of contract claims. <u>See generally</u> First Action Compl., ECF No. 1. On January 16, 2008, the action was removed to this Court. First Action, ECF No. 1. By Stipulation and Order entered on January 18, 2008, Bay Chevrolet dismissed with prejudice the claims against Argonaut. Stipulation and Order, ECF No. 4. ("So Ordered" by Judge Gleeson on Jan. 22, 2008). After securing new counsel, Bay Chevrolet filed another action in New York Supreme Court, No. 08-CV-4631 (the "Second Action), against General Motors Corporation and Kenneth

1

Brodlieb, asserting largely the same claims as the First Action. Second Action Compl., ECF No. 1. The action was removed to this Court on November 14, 2008.[1] Second Action, ECF No. 1.

On May 8, 2009, the defendants in both actions were scheduled to submit their motions to dismiss. See Matusmoto Order dated Apr. 7, 2009. However, the briefing on these motions was interrupted after General Motors filed for bankruptcy protection in June 2009, and the cases were stayed. See ECF Nos. 36, 37. In light of the stay, Judge Matsumoto directed General Motors to advise the Court, at six month intervals, as to the status of its bankruptcy proceedings. Status Report Order, Jun. 8, 2009. The parties did not submit a status report until January 13, 2011, wherein Bay Chevrolet requested an additional thirty days to either file a stipulation of dismissal or to file a further status report. Pl.'s Letter dated Jan. 13, 2011, ECF No. 40. I granted Bay Chevrolet's request, see Order dated Jan. 14, 2011, and on February 14, 2011, Bay Chevrolet's counsel submitted a letter notifying the Court that plaintiff was seeking new counsel and that plaintiff needed an additional sixty days to do so. Pl.'s Letter dated Feb. 14, 2011, ECF No. 41. I granted plaintiff's counsel's request. Scheduling Order, Feb. 14, 2011.

On April 19, 2011, plaintiff's counsel again requested an additional thirty days for Bay Chevrolet to retain new counsel. Pl.'s Letter dated Apr. 19, 2011, ECF No. 42. Defense counsel consented to the request on the condition that if plaintiff's successor counsel did not file an appearance within thirty days, the case should be dismissed. Id. at 1. I granted plaintiff's request, allowing plaintiff until May 19, 2011, to find counsel, but warned that plaintiff's new counsel's failure to file an appearance by that date would result in a recommendation to the District Judge that the case be dismissed. Order dated Apr. 19, 2011. I also warned plaintiff that I would not entertain any further extensions. Id. On May 19, 2011, plaintiff's counsel filed a

---

[1] Judge Gleeson was originally the District Judge assigned to these actions, but on September 10, 2008, the case was reassigned to Judge Matsumoto. See Entry dated Sept. 10, 2008.

motion to withdraw as counsel under seal. Pl.'s Counsel's Motion to Withdraw, ECF No. 46. That same day, plaintiff's counsel notified the Court that plaintiff had yet to secure counsel, but that plaintiff's principal was speaking to prospective new counsel. Pl.'s Letter dated May 19, 2011. Despite my prior warning that "no further extensions shall be entertained," plaintiff's counsel requested additional time for plaintiff to retain new counsel. Pl.'s Letter dated May 19, 2011. Defense counsel objected to the extension, noting that Bay Chevrolet had "ample opportunity to locate counsel," and asked the Court to dismiss the case. Def.'s Letter dated May 24, 2011, ECF No. 47.

On June 2, 2011, I granted plaintiff's counsel motion to withdraw as attorney, and, out of an abundance of courtesy, granted plaintiff one final extension of time to obtain new counsel. Order dated June 2, 2011. I reiterated, however, that if plaintiff failed to secure counsel by June 16, 2011, I would again recommend to Judge Matsumoto that this case be dismissed. Id. Since then, no counsel has filed a notice of appearance on plaintiff's behalf. Accordingly, I recommend that this case be dismissed for failure to prosecute.

## II. DISCUSSION

Rule 41(b) provides, in pertinent part, that a defendant may move for dismissal of an action or of any claim against the defendant, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court

3

struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. G.E. Co., 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

In determining whether to recommend dismissal, the Court must also take into account that a corporate defendant may not appear on its own behalf. See Rowland v. California Men's Colony, 506 U.S. 194, 201–02 (1993); see also Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 23 (2d Cir. 1983) (upholding order dismissing complaint unless plaintiff corporation obtains counsel within 45 days); Kang v. Inno Asset Development, LLC, No. 08-CV-4848, 2010 WL 4782633, at *1 (E.D.N.Y. Oct. 27, 2010), adopted in its entirety by 2010 WL 4789355 (E.D.N.Y. Nov. 17, 2010). Because Bay Chevrolet cannot appear pro se, I ordered corporate plaintiff to obtain new counsel on three different occasions. Twice, I warned plaintiff that failure to obtain counsel would result in a recommendation of dismissal. Despite such warnings, plaintiff failed to secure counsel. Because a plaintiff has a duty of due diligence to move its case forward, and plaintiff has failed to do so, as evidenced by its inability to retain counsel, prejudice to the defendants may be presumed. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). Considered in sum, I believe that these factors weigh in favor of the Court dismissing these actions for failure to prosecute.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that these actions be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this report. Failure to file objections within

the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6.

SO ORDERED.

Dated: August 11, 2011
Brooklyn, New York

                                                                        /s/
                                         JOAN M. AZRACK
                                       UNITED STATES MAGISTRATE JUDGE